UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.: 3:21-cv-01088-HES-JRK

JEFFREY  G.  MEYER  and
ANNE G. MEYER,

      Plaintiffs,

v.

BANK OF AMERICA, N.A.,

      Defendant.

_____/

## PLAINTIFFS' RESPONSE AND INCORPORATED MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT [DE 6]

Plaintiffs, JEFFREY G. MEYER and ANNE G. MEYER ("Plaintiffs" or "Meyer"), by and through their undersigned counsel, and pursuant to L.R. 3.01(c), hereby submit their Response and Memorandum of Law in Opposition to Defendant, BANK OF AMERICA, N.A.'s ("Defendant" or "BOA"), Motion to Dismiss the Complaint [DE 6], and state:

## INTRODUCTION

Plaintiff is the owner of property located at 9441 Old A1A, St. Augustine, Florida. [DE 3 at ¶ 3]. Defendant is the mortgagee for the property by virtue of a merger between the original mortgagee, Merrill Lynch, and Defendant in or about August of 2017, and the resultant transfer of the mortgage to Defendant. [DE 3 at ¶¶

Case No.: 3:21-cv-01088-HES-JRK
*Plaintiffs' Response and Incorporated Memorandum of Law in
Opposition to Defendant's Motion to Dismiss the Complaint [DE 6]*

5-6]. This transfer caused the loss of insurance coverage, which was also provided through Merrill Lynch. The Mortgage provides that BOA has the right to "obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7 [of the Mortgage]" and "do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property." [DE 3 at p. 14, ¶¶ 5, 7]. Pursuant to the terms of the Mortgage, BOA force-placed residential property insurance coverage on Plaintiffs' Property with Integon National Insurance Company ("Integon") with a coverage limit of $988,000.00. [DE 3 at ¶¶ 10, 13]. BOA charged Plaintiffs, and Plaintiffs paid, the premium for the insurance provided by Integon. [DE 3 at ¶¶ 17-18]. The insurance procured by BOA from Integon lists only BOA as a "named insured," notwithstanding Plaintiffs' ownership of the property, that the balance of Plaintiffs' loan with BOA was less the amount for which the property was insured, that Plaintiffs have, at the time this lawsuit was filed, paid the balance of their Mortgage in full, and that Plaintiffs paid for the insurance. [DE 3 at ¶¶ 12, 14, 17-18].

On September 10, 2017, Hurricane Irma made landfall in St. Johns County and caused significant damages to the property. [DE 3 at ¶ 19]. Plaintiffs timely reported their damages to Integon, which accepted coverage for the loss, but failed to pay the full amount of the claim, taking the position that Plaintiffs were not named insureds under the policy and could not assert a claim. [DE 3 at ¶¶ 20-21]. Plaintiffs

Case No.: 3:21-cv-01088-HES-JRK
*Plaintiffs' Response and Incorporated Memorandum of Law in
Opposition to Defendant's Motion to Dismiss the Complaint [DE 6]*

made multiple requests to BOA, as the only "Named Insured," to assist them in pursuing their Property damage claim, but BOA failed to take any steps to cooperate or provide any assistance to Plaintiffs in pursuit of their property damage claim. [DE 3 at ¶¶ 26].

Plaintiffs sued BOA for Breach of Contract for its breach of the implied warranty of good faith and fair dealing based on 1) BOA's failure to name Plaintiffs as either named insureds or an additional insured on the force-placed policy; 2) BOA's force placing of insurance in excess of that required to protect BOA's interest in the property; and 3) BOA's charging Plaintiffs an amount beyond the actual cost of the insurance. [DE 3 at ¶¶ 37-39]. Plaintiffs also sued BOA for Breach of Fiduciary Duty on the basis that a special relationship of trust and confidence was created with respect to BOA's unilateral procurement of insurance for Plaintiffs and the expected cooperation or assistance with Plaintiffs' property damage claim. [DE 3 at ¶ 46]. Plaintiffs filed their lawsuit in the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County, Florida. BOA removed the lawsuit to Federal court on October 29, 2021. [DE 1]. Defendant filed its state court motion to dismiss with its Notice of Removal on October 29, 2001 [DE 1-3] but subsequently filed a different Motion to Dismiss relying on Federal authorities on November 10, 2021. [DE 6]. Plaintiffs respond to the latest-filed Motion to Dismiss [DE 6], but incorporate the arguments herein to rebut the arguments contained in the state court

Case No.: 3:21-cv-01088-HES-JRK
*Plaintiffs' Response and Incorporated Memorandum of Law in
Opposition to Defendant's Motion to Dismiss the Complaint [DE 6]*

motion to dismiss to the extent the Court does not deem that motion abandoned by Defendant's subsequent filing.

## <u>MEMORANDUM OF LAW</u>

Under Rule 12 of the Federal Rules of Civil Procedure, a motion to dismiss should only be granted when a complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true." *Pershing LLC v. Curi,* 2013 WL 2304189 at *2 (S.D. Fla. May 24, 2013); *Twombly*, 550 U.S. at 555. If these facts satisfy the elements of the claims asserted, a defendant's motion to dismiss should be denied. *Id.* at 556. Moreover, when ruling on a motion to dismiss, the Court must confine its view to the four corners of the Complaint. *Benson v. QBE Ins. Corp.,* 61 F.Supp. 3d 1277, 1279 (S.D. Fla. 2014) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499 (2007)) ("the Court considers only the four corners of the complaint, along with any documents attached to the complaint or incorporated into the complaint by reference."). Here, the four corners of the Complaint consist of the pleading [DE 3], along with the appended Mortgage (Exhibit "A"), Insurance Contract (Composite Exhibit "B"), and Estimate of damages (Exhibit "C").

JANSSEN, SIRACUSA & KEEGAN PLLC
120 S. Olive Avenue, Suite 504 * West Palm Beach, Florida 33401
Telephone (561) 420-0583 * Facsimile (561) 420-0576

Case No.: 3:21-cv-01088-HES-JRK
*Plaintiffs' Response and Incorporated Memorandum of Law in
Opposition to Defendant's Motion to Dismiss the Complaint [DE 6]*

Defendant's assertions throughout its Motion that Plaintiffs have failed to allege sufficient facts [DE 6 at p. 6-7, 9-11] is not well taken and is belied by the fifty-three (53) paragraph Complaint, the three (3) exhibits to the Complaint, and the recitation of the background facts set forth *supra*, which is taken directly from the allegations in the Complaint. Thus, contrary to Defendant's assertion that the Complaint lacks sufficient allegations of wrongdoing, Plaintiffs are entitled to have all reasonable inferences drawn in their favor. *Bell Atl. Corp.,* 550 U.S. at 555; *Pershing LLC,* 2013 WL 2304189 at *2.

### a.      Breach of Contract:

Plaintiffs' claim for breach of contract is based on breach of the implied covenant of good faith and fair dealing. "Under Florida law, every contract contains an implied covenant of good faith and fair dealing, requiring that the parties follow standards of good faith and fair dealing designed to protect the parties' reasonable contractual expectations." *Centurion Air Cargo v. UPS Co.,* 420 F.3d 1146, 1151–52 (11th Cir.2005) (quotations omitted). Defendant's argument for dismissal of Count I of the Complaint is that the breach of the implied covenant of good faith and fair dealing does not "plead an express provision of the contract under which [BOA] had a duty and that [BOA's] actions were a direct breach of that provision." [DE 6 at pp. 5-6]. Defendant erroneously argues that "Plaintiffs cannot point to an express term in their agreement…." to support their claim. [DE 6 at p. 6].

Case No.: 3:21-cv-01088-HES-JRK
*Plaintiffs' Response and Incorporated Memorandum of Law in
Opposition to Defendant's Motion to Dismiss the Complaint [DE 6]*

Defendant's argument would require this Court to ignore the entire body of law that recognizes actions for breach of the implied covenant of good faith and fair dealing where "one party has the power to make a discretionary decision without defined standards." *Martorella v. Deutsche Bank Nat. Trust Co.,* 931 F.Supp. 2d 1218, 1225 (S.D. Fla. 2013). "Where there are no standards for exercising discretion, the implied covenant of good faith protects contracting parties' reasonable commercial expectations." *Publix Super Markets, Inc. v. Wilder Corp. of Delaware,* 876 So.2d 652, 655 (Fla. 2d DCA 2004). Indeed, the body of law on this topic includes multiple cases involving claims for breach of the implied covenant of good faith and fair dealing related to a force-placed insurance clause in a mortgage.

Just as the instant case, in *Martorella,* the court was faced with a motion to dismiss a claim for breach of the implied covenant of good faith and fair dealing related to a force-placed insurance clause in a mortgage. *Id.* at 1226. Denying the motion to dismiss, the Court observed:

> Here, the force-placed insurance clause granted Defendants discretion in determining whether to purchase force-placed insurance after a policy had lapsed, and under what terms. **Plaintiffs' allegations that Defendants failed to observe reasonable limits in exercising their discretion to force-placing policies** at grossly excessive premiums in exchange for kickbacks from the insurance carriers fully states a claim for breach of the covenant of good faith and fair dealing. *Kunzelmann v. Wells Fargo Bank, N.A.,* 11–CV–81373–DMM, 2012 WL 2003337, *6 (S.D. Fla. June 4, 2012). Ultimately, whether Defendants acted in good faith is a question of fact to be resolved at trial. *In re Checking Account Overdraft Litig.,* 694 F.Supp.2d 1302, 1316 (S.D. Fla.2010) (citing *White v. Wachovia Bank, N.A.,* 563 F.Supp.2d 1358, 1364–66 (N.D. Ga.2008) for the proposition

JANSSEN, SIRACUSA & KEEGAN PLLC
120 S. Olive Avenue, Suite 504 * West Palm Beach, Florida 33401
Telephone (561) 420-0583 * Facsimile (561) 420-0576

Case No.: 3:21-cv-01088-HES-JRK
*Plaintiffs' Response and Incorporated Memorandum of Law in
Opposition to Defendant's Motion to Dismiss the Complaint [DE 6]*

that good faith is a question of fact to be developed on discovery); *see also National Franchisee Ass'n v. Burger King Corp.,* 2010 WL 3749219, *5 (S.D. Fla. Sept. 20, 2010) (documents are discoverable if they may assist in determining whether Defendant's decision making process was performed in good faith); *Allapattah Servs., Inc. v. Exxon Corp.,* 61 F.Supp.2d 1300, 1303 (S.D. Fla. 1999) ("[w]hether the covenant has been breached is generally a question of fact").

*Martorella*, 931 F.Supp. 2d at 1226 (emphasis supplied). Here, just as in *Martorella,* Plaintiffs alleged that BOA failed to observe reasonable limits in exercising its discretion to force-place policies "by charging Plaintiffs an amount beyond the actual cost of the insurance, *i.e.,* amounts that were ultimately returned to Defendant or their affiliate in the form of a commission, loss ratio bonus and/or as a kick-back, pursuant to undisclosed agreements among Defendant, its affiliates and their force-placed insurance provider." [DE 3 at ¶ 39]. Even more compelling, however, in this case, Plaintiff also alleges that BOA also procured insurance in excess of that required to cover its interest in the Property and failed to include Plaintiffs as a named insured on the policy. [DE 3 at ¶¶ 37-38]. Presumably, Plaintiffs paid additional premiums on the over $300,000.00 in coverage in excess of their mortgage, yet BOA seeks to deny the Plaintiffs the benefit of this coverage.

In *Kunzelmann v. Wells Fargo Bank, N.A.,* 2012 WL 2003337, at *5 (S.D. Fla. June 4, 2012), the court was also faced with a motion to dismiss a claim for

Case No.: 3:21-cv-01088-HES-JRK
*Plaintiffs' Response and Incorporated Memorandum of Law in
Opposition to Defendant's Motion to Dismiss the Complaint [DE 6]*

breach of the implied covenant. In *Kunzelmann*[1], the Court denied the motion to dismiss where Plaintiffs alleged that the Defendant breached the implied duty by "choosing an insurance policy in bad faith and in contravention of the parties' reasonable expectations, failing to seek competitive bids for the insurance policies, and selecting insurance companies that would pay unearned kickbacks to Defendants." *Id.* Similar to the instant case, the plaintiff in *Kunzelmann* challenged the manner in which insurers were selected and impermissible kickbacks. *Id.*

Even if Defendant did not misstate the scope of a cause of action for breach of the covenant of good faith and fair dealing, Defendant's argument would still fail. BOA has unsuccessfully asserted an identical argument in the past. In *Persaud v. Bank of American, N.A.,* 2014 WL 4260853, at *10 (S.D. Fla. Aug. 28, 2014), BOA argued, just as it does here, that a claim for breach of the implied covenant of good faith and fair dealing must be dismissed "because Plaintiffs have not identified any express terms breached." The *Persaud* Court declined this argument, just as this Court should, holding that "Plaintiffs' allegations relate to express provisions in the

---

[1] A series of orders out of this and other Courts subsequently held that claims of improper rates in force placed policies should be dismissed under the "filed rate doctrine." However, these cases involved class actions challenging only the method of selecting the insurance (and its rate), in contrast to the instant case. *Compare, e.g. Trevathan v. Select Portfolio Servicing, Inc.,* 142 F.Supp. 3d 1283, 1288 (S.D. Fla. 2015) (dismissing claim under filed rate doctrine) *with Montoya v. PNC Bank, N.A.,* 2014 WL 4248208, at *6 (S.D. Fla. Aug. 27, 2014) (following the approach in *Kunzelmann* and declining to "look under the proverbial hood of Plaintiffs' allegations and frame them in a way Plaintiffs have not"). Moreover, Defendant does not raise the filed rate doctrine in its Motion and has waived it even if it could be applicable to one of the several ways Plaintiff claims Defendant breached the implied covenant of good faith and fair dealing.

JANSSEN, SIRACUSA & KEEGAN PLLC
120 S. Olive Avenue, Suite 504 * West Palm Beach, Florida 33401
Telephone (561) 420-0583 * Facsimile (561) 420-0576

Case No.: 3:21-cv-01088-HES-JRK
*Plaintiffs' Response and Incorporated Memorandum of Law in
Opposition to Defendant's Motion to Dismiss the Complaint [DE 6]*

Mortgage. Plaintiffs identify a breach of section 9 of the Mortgage…." *Id.* Notably, the *Persaud* court held that "[s]imply because section 5 of the Mortgage is silent as to the standards the lender is to employ in exercising its discretion to provide force-placed insurance does not excuse Defendants from the obligation to act in good faith." *Id.* (internal citation omitted). Just as in *Persaud,* Plaintiffs here "[p]lainly … seek[ ] to hold [BOA] accountable for not exercising their discretion in good faith. Plaintiffs' allegations that BOA … acted in bad faith in contravention of Plaintiffs' reasonable expectations under the contract sufficiently state a claim for breach of the implied covenant." *Id.*

Similarly, in *Hamilton v. Suntrust Mortg., Inc.,* 6 F.Supp. 3d 1300, 1310 (S.D. Fla. 2014), the Defendant asserted an argument identical to BOA's argument in this case. SunTrust argued that Plaintiffs failed to state a claim "because they [did] not point[ ] to any express terms in their mortgage contracts that SunTrust breached." *Id.* The *Hamilton* court held that "Plaintiffs' claim clearly relates to the express provisions in the Plaintiffs' mortgage contracts that gave SunTrust discretion to force-place insurance on Plaintiffs' properties if coverage lapsed." *Id.* (citing *Karp v. Bank of America, N.A.,* No. 8:12–cv–1700–T–17MAP, 2013 WL 1121256, at *4 (M.D.Fla. Mar. 18, 2013) (finding that although plaintiffs did not identify the exact provision the lender breached by number or title, the complaint clearly referred to the force-placed insurance provision and thus stated claim for breach of the implied

Case No.: 3:21-cv-01088-HES-JRK
*Plaintiffs' Response and Incorporated Memorandum of Law in
Opposition to Defendant's Motion to Dismiss the Complaint [DE 6]*

covenant of good faith); *Abels v. JPMorgan Chase Bank, N.A.,* 678 F.Supp.2d 1273, 1278–79 (S.D.Fla.2009) (finding that plaintiffs stated plausible claim where they alleged facts showing that lender acted in bad faith in exercising its discretion to force-place insurance)).

Here, BOA disregards the allegations on the face of the Complaint and argues that Plaintiffs "fail to plead an express provision of the contract under which [BOA] had a duty and that [BOA's] actions were a direct breach of that provision." [DE 6 at pp. 5-6]. The Complaint points specifically to BOA's lack of good faith and fair dealing in the exercise of its discretion to force place insurance coverage. [DE 3 at ¶¶ 35-39]. Indeed, contrary to *Karp*, 2013 WL 1121256, at *4, the Complaint cites the precise provision of the Mortgage that was breached:

> While Plaintiffs' Mortgage may authorize Defendant to force-place insurance coverage on Plaintiffs' Property, **it does not explicitly authorize Defendant to procure insurance that does not name Plaintiffs as an insured or provide any guidance on how Defendant is authorized to act with respect to purchasing insurance on Plaintiffs' behalf.** Instead, **Section 7, quoted above,** reserves to Defendant the right to "do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of … hazard insurance.

[DE 3 at ¶ 36] (emphasis supplied); *see also* [DE 3 at ¶ 33] (quoting the force place insurance provisions of the Mortgage). Taking the allegations in the Complaint in the light most favorable to Plaintiffs, Defendant's argument fails and the Motion to Dismiss must be denied.

Case No.: 3:21-cv-01088-HES-JRK
*Plaintiffs' Response and Incorporated Memorandum of Law in
Opposition to Defendant's Motion to Dismiss the Complaint [DE 6]*

**b.    Breach of Fiduciary Duty:**

Defendant next argues that the claim for breach of fiduciary duty should be dismissed under the general principle that "the relationship between a bank and its borrower is that of creditor to debtor, in which parties engage in arms-length transactions, and the bank owes no fiduciary responsibilities." [DE 6 at p. 7] (citing *Capital Bank v. MVB, Inc.,* 644 So. 2d 515, 518 (Fla. 3d DCA 1994)). *Capital Bank,* however, does not ultimately support Defendant's position. The *Capital Bank* court recognized that "fiduciary relationships between lenders and customers have been found to exist in Florida, as well as other jurisdictions." *Id.* at 518-519 (collecting cases). The *Capital Bank* court ultimately held that a fiduciary relationship existed where the bank induced the customer to purchase malfunctioning equipment from another borrower and the bank clearly knew of the borrower's reliance. *Id.* at 520.

Defendant evades any discussion of the discretion placed upon it by the force-placed insurance clause, asserting instead that a lender does not owe fiduciary duties to its borrower. [DE 6 at p. 7], and claiming that "Plaintiffs have not plead any facts to conclude otherwise." [DE 6 at p. 9]. BOA's argument fails, just as it did in *Persaud,* 2014 WL 4260853, at *12.

In *Persaud*, the Court denied BOA's motion to dismiss a claim for breach of fiduciary duty based on a force-placed insurance clause. *Id.* The plaintiff in *Persaud* alleged that the unilateral creation and management of an escrow account to charge

JANSSEN, SIRACUSA & KEEGAN PLLC
120 S. Olive Avenue, Suite 504 * West Palm Beach, Florida 33401
Telephone (561) 420-0583 * Facsimile (561) 420-0576

Case No.: 3:21-cv-01088-HES-JRK
*Plaintiffs' Response and Incorporated Memorandum of Law in
Opposition to Defendant's Motion to Dismiss the Complaint [DE 6]*

Plaintiff premiums for force-placed insurance established a fiduciary duty. *Id.* In this case, Plaintiffs allege that a fiduciary duty existed with respect to Defendant's procurement of insurance for Plaintiffs' property and Defendant's cooperation or assistance in the pursuit of Plaintiffs' Property damage claim. [DE 3 at ¶¶ 44-49].

Moreover, Plaintiffs alleged that Defendant [1] "took on the extra service of procuring insurance," [2] "received a greater economic benefit from the typical mortgage transaction for procuring insurance," and [3] "exercised extensive control over the procurement of force placed insurance." [DE 3 at ¶ 44]. As the *Persaud* court noted, a lender **generally** does not owe a fiduciary duty to a borrower, "[b]ut a fiduciary duty may be found where "the lender [1] takes on extra services for a customer, [2] receives any greater economic benefit than from a typical transaction, or [3] exercises extensive control." *Id.* (citing *Mahdavieh [v. Suntrust Mortg., Inc.],* [No. 13-62801-CIV,] 2014 WL 1365425, at *5 [(S.D. Fla. Apr. 7, 2014)]). The *Persaud* plaintiff alleged that "BOA received a greater economic benefit in that the lender charged Plaintiff an excessive amount of forced-placed premiums from which BOA and its affiliates then received impermissible kickbacks or other compensation." *Id.* In this case, Plaintiffs made similar allegations. [DE 3 at ¶ 46] (alleging Defendant "has received compensation in the form of a commission, loss ratio bonus or kick-back").

Case No.: 3:21-cv-01088-HES-JRK
*Plaintiffs' Response and Incorporated Memorandum of Law in
Opposition to Defendant's Motion to Dismiss the Complaint [DE 6]*

Just as in *Persaud,* the allegations in this case are sufficient to establish "the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages." *Id.* (citing *Gracey v. Eaker,* 837 So. 2d 348, 353 (Fla. 2002)). Taking the allegations in the light most favorable to Plaintiffs, as is required on a motion to dismiss, the claim for Breach of Fiduciary Duty is adequately pled. *See, e.g. Circeo-Loudon v. Green Tree Servicing, LLC,* 2015 WL 1914798, at *5 (S.D. Fla. Apr. 27, 2015) (holding that allegations that lender took on the role of a fiduciary because it received artificially inflated economic benefits by exploiting its relationship with insurance company in force-placed insurance policies and did so at the expense of plaintiffs was sufficient to state a claim for breach of fiduciary duty); *Almanzar v. Select Portfolio Servicing, Inc.,* 2015 WL 1359150, at *5 (S.D. Fla. Mar. 24, 2015) (holding that the existence of a fiduciary relationship is a fact-specific inquiry and declining to dismiss breach of fiduciary duty claim where the plaintiffs pled the existence of a fiduciary relationship based on the discretionary authority of defendant to develop force-placed insurance); *Mahdavieh,* 2014 WL 1365425, at *5 (sufficient allegations to support breach of fiduciary duty claim where plaintiff alleged lender charged them for unnecessary and excessive force placed insurance and that lender received a greater economic benefit than a typical mortgage transaction because it received unearned kickbacks in connection with the force placed insurance scheme); *Edwards v. Green Tree Servicing, LLC,* 2015 WL

JANSSEN, SIRACUSA & KEEGAN PLLC
120 S. Olive Avenue, Suite 504 * West Palm Beach, Florida 33401
Telephone (561) 420-0583 * Facsimile (561) 420-0576

Case No.: 3:21-cv-01088-HES-JRK
*Plaintiffs' Response and Incorporated Memorandum of Law in
Opposition to Defendant's Motion to Dismiss the Complaint [DE 6]*

6777463, at *8 (N.D. Fla. Oct. 22, 2015) (holding the plaintiff alleged the special circumstances giving rise to fiduciary duty where plaintiff alleged that lender took on extra service of paying insurance premiums out of escrow account, received an unusually great economic benefit through kickbacks, exercised extensive control over escrow proceeds, and had near-unfettered discretion to choose the force-placed insurance provider). The Motion must be denied on this basis.

### c.     Dismissal with Prejudice

Just as in multiple other cases in which arguments to dismiss claims based on force-placed insurance clauses have failed, the arguments asserted by BOA are similarly without merit. *See Jackson v. U.S. Bank, N.A.,* 44 F.Supp. 3d 1210, 1214 (S.D. Fla. 2014) (recognizing that "[m]ortgage lenders and servicers have been litigating force-placed insurance claims brought in class action lawsuits nationwide for more than three years, and have failed to procure dismissal in the vast majority of the dozens of cases they have defended") (citing *Carden v. ING Bank, FSB,* No. 9:13-cv-80659-KLR (denying motion to dismiss breach of … implied covenant, … [and] breach of fiduciary duty … claims, noting that 'the majority, if not all have allowed the plaintiffs' FPI claims to proceed'")). Moreover, even if BOA had established that dismissal of any sort was proper, plainly, dismissal with prejudice, as sought by Defendant, would be improper. Defendant has not shown, and indeed, given the body of law on force placed insurance by mortgage lenders, Defendant

Case No.: 3:21-cv-01088-HES-JRK
*Plaintiffs' Response and Incorporated Memorandum of Law in*
*Opposition to Defendant's Motion to Dismiss the Complaint [DE 6]*

cannot show that there is no set of facts Plaintiff could allege to assert a viable cause of action.

## CONCLUSION

WHEREFORE, Plaintiffs, JEFFREY G. MEYER and ANNE G. MEYER, respectfully request this Honorable Court deny Defendant, BANK OF AMERICA, N.A.'s Motion to Dismiss the Complaint, require Bank of America, N.A. to file its Answer to the Complaint within ten (10) days, and grant such other and further relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on November 19, 2021, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

JANSSEN, SIRACUSA & KEEGAN PLLC
*Counsel for Plaintiffs, Jeffrey & Anne Meyer*
120 S. Olive Avenue, Suite 504
West Palm Beach, FL 33401
Telephone 561) 420-0583
Email: jjanssen@jasilaw.com

By: *s/ Joseph W. Janssen, III*
      JOSEPH W. JANSSEN, III
      Florida Bar No. 160067

*[Service List follows]*

Case No.: 3:21-cv-01088-HES-JRK
*Plaintiffs' Response and Incorporated Memorandum of Law in*
*Opposition to Defendant's Motion to Dismiss the Complaint [DE 6]*

<u>**SERVICE LIST:**</u>

**James R. Liebler, II, Esq.**
**Ira Scot Silverstein, Esq.**
Liebler, Gonzalez & Portuondo
44 W. Flagler Street, 25th Floor
Miami, FL 33130
Phone No.: (305) 379-0400
Fax No.: (305) 379-9626
Email: <u>jrlii@lgplaw.com</u>
Email: <u>iss@lgplaw.com</u>
*Counsel for Defendant, Bank of America, N.A.*

JANSSEN, SIRACUSA & KEEGAN PLLC
120 S. Olive Avenue, Suite 504 * West Palm Beach, Florida 33401
Telephone (561) 420-0583 * Facsimile (561) 420-0576