## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## (JACKSONVILLE DIVISION)

JEFFREY G. MEYER and
ANNE G. MEYER,

          Plaintiffs,

v.

BANK OF AMERICA, N.A.

          Defendant.

_____/

CASE NO.: 3:21-CV-01088-
HES-JRK

### DEFENDANT BANK OF AMERICA N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS [DE 6]

Defendant BANK OF AMERICA, N.A., ("BANA"), pursuant to Local Rules, 3.01(c) and (d), hereby files this Reply in support of its Motion to Dismiss ("Motion") and states as follows:

On November 10, 2021, Plaintiffs filed their Opposition to BANA's Motion to Dismiss ("Opp.", ECF No. 8). The allegations provided in the Complaint do not maintain viable causes of action for breach of the implied covenant of good faith and fair dealing and breach of a fiduciary duty because Plaintiffs have failed to plead sufficient facts giving rise to either claim. As a result, Plaintiffs' Complaint is due to be dismissed.

### MEMORANDUM OF LAW

I.     BANA COMPLIED WITH INDUSTRY STANDARDS WHEN
       EXERCISING ITS DISCRETION PURCHASING FORCED-PLACED
       INSURANCE

Plaintiffs claim that BANA breached the implied covenant of good faith and

fair dealing when it procured the forced-placed insurance policy for a coverage

amount far in excess of its secured interest because it had the power to make a

discretionary decision without defined standards but failed to observe reasonable

limits in exercising its discretion.  Opp. at 6 (citing *Martorella v. Deutsche Bank*

*Nat. Trust Co.*, 931 F. Supp. 2d 1218, 1228 (S.D. Fla. 2013)). Yet, Plaintiffs fail to

acknowledge that BANA's use of industry standards satisfies the duty of good faith

and fair dealing. *See AML Invest. IX, LLC, v. Kennedy,* No. 18-22896-CIV-

MARTINEZ-OTAZO-REYES, 2019 WL 2107291, at *5 (S.D. Fla. Apr. 24, 2019)

(holding that performance of a contract pursuant to industry standards was sufficient

to satisfy implied covenant of good faith and fair dealing); *See also Munnings v.*

*Fedex Ground Package Sys, Inc.*, No. 6:07-cv-282-Orl-19KRS, 2008 WL 1849003,

at *27-8 (M.D. Fla. Apr. 22, 2008) (finding that the plaintiff failed to show breach

of the implied covenant of good faith and fair dealing by failing to illustrate that

defendant violated industry standards); and *Altamonte Pediatric Assoc., P.A. v.*

*Greenway Health, LLC*, No. 8:20-cv-604-T-33JSS, 2020 WL 5350303, at *7, (M.D.

Fla. Sept. 4, 2020) (denying defendant's motion to dismiss the plaintiff's claim for

breach of the implied covenant of good faith and fair dealing on the grounds that the *plaintiff adequately plead contractual clauses giving rise to industry standards* that the defendant failed to follow). The Eleventh Circuit has recognized the notion that a lender has a right to insure real property in an amount that exceeds its lien on that certain property, which does not necessarily breach the covenant of good faith and fair dealing. *See Feaz v. Wells Fargo Bank, N.A.*, 745 F. 3d 1098, 1109-10 (11th Cir. 2014).

Here, Plaintiffs cite to *Publix Super Mkts, Inc. v. Wilder Corp. of Del.,* 876 So. 2d 652, 655 (Fla. 2d DCA 2004) for the proposition that "[w]here there are no standards for exercising discretion, the implied covenant of good faith protects contracting parties' reasonable commercial expectations []." However, BANA's compliance with industry standards satisfies its duty of good faith and fair dealing. BANA complied with industry standards by procuring insurance that was sufficient to protect its interests in the property. *See Feaz,* 745 F. 3d at 1098 (11th Cir. 2014) (recognizing lender's right to insure real property in an amount that exceeds its lien).

In *Trevathan v. Select Portfolio Servicing, Inc.,* 142 F. Supp. 3d 1283, 1288 (S.D. Fla. 2015), plaintiff brought suit arguing that the inflated insurance premiums constituted a kickback, which violated the covenant of good faith and fair dealing. In dismissing that claim with prejudice, the court found that the defendant's act was

not a kickback because the lender was acting on behalf of its own interests by protecting its interest in the property. *Id.* at 1289. Like the plaintiff in *Trevathan*, Plaintiffs mistakenly assume that the excess insurance premiums resulted in kickbacks.  As the *Feaz* and *Trevathan* courts noted, "simply calling a commission a kickback doesn't make it one. The defining characteristic of a kickback is divided loyalties.  But [the lender] was not acting on behalf of [the borrower] or representing her interests.  The loan agreement makes it clear that the insurance requirement is for *the lender's* protection."  *Trevathan*, 142 F. Supp. 3d at 1289 (citing *Feaz*, 745 F. 3d at 1111).  BANA's loyalties are not divided nor have the Plaintiffs interposed any facts alleging divided loyalties.

In fact, the Mortgage is clear in Section 7, "Protection of Lender's Rights in the Property" that BANA may "do and pay for whatever is necessary to protect the value of the Property and [BANA's] rights in the Property." Nothing in that provision evidences that BANA must protect Plaintiffs' rights in the Property. After all, it is Plaintiffs' inability to procure insurance, a covenant under the agreement, that forced BANA to place insurance on the Property in the first place. BANA should not be punished for protecting its interest in the Property, a well-defined provision in the mortgage over which Plaintiffs have willfully ignored.  Because BANA conformed to industry standards by placing insurance on the Property with more

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130  (305) 379-0400

than ample coverage, which does not amount to illegal kickbacks absent a showing of divided loyalties, this Court should grant BANA's Motion

## II.    BANA'S ACT OF PROCURING INSURANCE ON THE PROPERTY WAS NOT AN EXTRA SERVICE

Plaintiffs assert that BANA's procurement of the insurance policy was an extra service, for which it received a greater economic benefit and exercised extensive control over the procurement of the insurance [DE 6, at 12]. Plaintiffs are mistaken.   The Mortgage specifically states that BANA could do whatever is necessary, including force-placing insurance, to protect its interest in the Property. Accordingly, BANA's act of force-placing the insurance was not an extra service but a right delineated in the Mortgage.

In *Wilson v. EverBank, N.A.*, 77 F. Supp. 3d 1202, 1224-25 (S.D. Fla. 2015), the plaintiff filed suit for breach of fiduciary duty, claiming that special circumstances created a fiduciary duty that the bank breached.   In dismissing the plaintiff's claim, the court reasoned that the plaintiffs identified neither special circumstances creating a fiduciary duty nor conduct amounting to a breach.   *Id.* at 1225.   Here, in support of their breach of fiduciary duty claim, Plaintiffs cite to *Persaud v. Bank of America, N.A.*, No. 14-21819-CIV, 2014 WL 4260853, at *12 (S.D. Fla. Aug. 28, 2014) in which the court found the plaintiffs had alleged a viable claim.   In support of its finding, the court stated that the plaintiff's allegations of the

bank's establishing and maintaining an escrow account over which the lender exercised extensive control, was sufficient to establish a fiduciary duty. *Id.* The court noted that "an escrow holder generally owes a fiduciary duty to the parties to the escrow transaction." *Id.* (internal quotation marks and citation omitted).

Like the plaintiff in *Wilson*, Plaintiffs fail to allege facts amounting to special circumstances of trust and confidence that give rise to a fiduciary duty. Facts supporting a claim of fiduciary duty must be pled with particularity. *Parker v. Gordon*, 442 So.2d 273, 275 (Fla. 4th DCA 1983). The forced-placed insurance was procured as part of an express grant of protection provided to BANA as part of the Mortgage – not a special circumstance, contrary to the picture Plaintiffs try to paint. "Without alleging particular facts that illustrate both a fiduciary duty the breach thereof, Plaintiffs' claim for breach of fiduciary duty fails.

## CONCLUSION

WHEREFORE, in accordance with the above analysis, BANA respectfully requests that this Honorable Court grant its Motion to Dismiss the Complaint and grant such other relief this Court deems just and proper.

Dated: December   , 2021.

Respectfully submitted,

*/s/ Ira Scot Silverstein__*
JAMES R. LIEBLER II

Florida Bar No. 115348
E-mail: JRLII@lgplaw.com
IRA SCOT SILVERSTEIN
Florida Bar No. 0009636
E-mail: iss@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Fax: (305) 379-9626
*Attorneys for Bank of America, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 17th day of December 2021, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following:

**Joseph W. Janssen, III, Esq.**, *Attorney for Plaintiffs*, Janssen, Siracusa & Keegan PLLC, 120 S Olive Ave, Suite 504, West Palm Beach, FL 33401 (jjanssen@jasilaw.com, jsiracusa@jasilaw.com).

*/s/ Ira Scot Silverstein*
JAMES R. LIEBLER, II
IRA SCOT SILVERSTEIN

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130  (305) 379-0400